2017 UT App 72

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF C.A., M.A., AND M.A.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

B.D.J.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170143-CA
Filed April 27, 2017

Seventh District Juvenile Court, Monticello Department
The Honorable Mary L. Manley
No. 1129857

Don M. Torgerson, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1    B.D.J. (Mother) appeals the termination of her parental rights. Mother asserts that it was not in the best interests of the children to terminate her parental rights. We affirm.

¶2    "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In*

*re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citation and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3　Mother asserts that the juvenile court erred in determining that it was in the children's best interests to terminate her parental rights. Specifically, Mother argues that because the children were not yet eligible to be adopted by their foster parents, the court should have given her more time to demonstrate her fitness. The juvenile court made specific findings, unchallenged by Mother, that support its best interests determination. For example, the juvenile court found that Mother's visits with the children reversed the positive progress of the children's behavior since being taken into the State's custody. The court went on to find that because of this regression, "contact by the mother is compromising the placement" of the children and "[c]ontinued visitation with the mother is detrimental to the children." Further, the juvenile court found that the children appear to have "no bonds of love and affection with their Mother or any significant relationship with her." The juvenile court similarly made several findings concerning the lack of any progress Mother had been making with her service plan. These unchallenged findings support the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights regardless of

the timing of any potential approval to allow the foster parents to adopt the children. Because a foundation for the juvenile court's decision exists in the record, we may not engage in a reweighing of that evidence. *See id.*

¶4    Affirmed.

———————